**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6697**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ROBERT MIKAIL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:13-cr-00137-JCC-1)

Submitted:  July 28, 2016              Decided:  August 2, 2016

Before MOTZ and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Mikail, Appellant Pro Se.  Paul Nathanson, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Mikail appeals the district court's order denying his motion to appoint counsel for the purpose of filing a motion for a sentence reduction under Fed. R. Crim. P. 35(b). We affirm.

Mikail pleaded guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344 (2012). Pursuant to the plea agreement, Mikail cooperated with the Government, and, prior to Mikail's sentencing, the Government moved pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s., for a sentence reduction for Mikail's substantial assistance. At sentencing in January 2014, the district court granted the Government's USSG § 5K1.1, p.s., motion and sentenced Mikail to 52 months' imprisonment. In the motion for appointment of counsel filed in March 2016, Mikail claimed he provided helpful information to the Government regarding a robbery case and that the Government had agreed at sentencing to file a motion to reduce his sentence in recognition of that assistance. Mikail sought appointment of counsel so he could file a motion seeking that sentence reduction.

Any motion by Mikail for a sentence reduction under Rule 35(b) would contravene both his plea agreement—which provides that the filing of a Rule 35(b) motion is committed to the sole

discretion of the Government—and the text of Rule 35(b)—which allows a district court to reduce a defendant's sentence for substantial assistance only on the Government's post-sentencing motion. Given the absence of any need to appoint counsel to pursue a meritless motion, the district court did not abuse its discretion in denying Mikail's motion. See United States v. Williamson, 706 F.3d 405, 418 n.11 (4th Cir. 2013) (addressing appointment motion under 18 U.S.C. § 3006A (2012)).

Accordingly, we affirm the district court's order. United States v. Mikail, No. 1:13-cr-00137-JCC-1 (E.D. Va. Mar. 17, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED